UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 3:23-CR-19-KAC-DCP
)
CURTIS LEE, MARTEL LEE, and )
ANTONIO WILSON, )
)
Defendants. )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Curtis Lee's Unopposed Motion to Continue Trial and Related Dates [Doc. 177], filed on April 24, 2026.

Defendant C. Lee asks the Court to continue the current trial date, which is set for June 2, 2026, and the plea deadline, set for May 1, 2026 [*Id.*]. In support of his motion, Defendant states that his counsel and the Government are in active negotiations to attempt to settle his case [*Id.* ¶ 1]. Defendant notes that no plea agreements have been filed by three defendants in this matter to date, although it is believed that ultimately there could be agreements [*Id.*]. Defendant represents that additional time is needed to make attempts to resolve the case short of trial with all defendants and that final trial preparation remains to be completed by Defendant's counsel [*Id.*]. The motion reflects that, as confirmed by counsel, Codefendants Martel Lee and Antonio Wilson[1] do not object to the requested relief [*Id.* ¶4]. Further, the Government does not oppose the request [*Id.* ¶ 5]. Defendant represents that he understands the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶

---

[1] The motion mistakenly references "Ronell Wilson," who is no longer proceeding to trial [*See* Docs. 166 & 167].

3]. Counsel for Codefendant Martel Lee and counsel for Codefendant Antonio Wilson confirmed via email to the Court that their clients understood their speedy trial rights and waived those rights for the purposes of a continuance.

Based upon the information contained in the motion and because the Government and Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the June 2, 2026 trial date.

The Court therefore **GRANTS** Defendant Curtis Lee's Unopposed Motion to Continue Trial and Related Dates [**Doc. 177**]. The trial of this case is reset to **September 22, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on April 24, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Curtis Lee's Unopposed Motion to Continue Trial and Related Dates [**Doc. 177**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **September 22, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3)  all time between the filing of the motion on **April 24, 2026**, and the new trial date of **September 22, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 21, 2026**;

(5)  the deadline for filing motions *in limine* is **September 8, 2026**, and responses to motions *in limine* are due on or before **September 15, 2026**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **September 8, 2026, at 11:30 a.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 11, 2026**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge